OPINION
{¶ 1} Defendants-appellants, Tom Dudley, Margaret Smith, Agnes Reichert, Jerald Dudley, Art Dudley, Gerard Dudley, Charlene Dudley, and Dudley Farms, L.L.C., appeal the decision of the Butler County Court of Common Pleas granting partial summary judgment in favor of plaintiffs-appellees, Terry Dudley, Kevin Dudley, and Karen Dudley.[1]
We affirm the *Page 2 
decision of the trial court.
 {¶ 2} On May 14, 2004, the above named parties signed an Operating Agreement and entered into a farming business named Dudley Farms, L.L.C. ("Company"). The Company owns a tract of land in Butler County consisting of approximately 160 acres.
 {¶ 3} Three years later, on May 17, 2007, Kevin Dudley withdrew his membership from the Company. Thereafter, Terry Dudley, in a letter dated July 5, 2007, voted against continuing the operations of the Company. As a result of Terry Dudley's vote, the remaining members of the Company were unable to obtain the unanimous vote required to continue the business pursuant to Item VII of the Operating Agreement. In response, a majority of the remaining members amended the Operating Agreement on July 15, 2007 to "allow a majority of the remaining Members, after the withdrawal of a Member, to vote to continue operation of the Company." A majority of the remaining members then voted to continue the business.
 {¶ 4} On July 27, 2007, Terry Dudley, Kevin Dudley, and Karen Dudley, collectively appellees, filed suit in which they sought, among other things, a declaratory judgment requiring the Company to dissolve because the remaining members were unable to obtain the unanimous vote required to continue the business. Appellees moved for a partial summary judgment on the same issue, which the trial court granted.
 {¶ 5} Appellants, Tom Dudley, Margaret Smith, Agnes Reichert, Jerald Dudley, Art Dudley, Gerard Dudley, Charlene Dudley, and Dudley Farms, L.L.C, now appeal the trial court's decision to grant appellees' partial summary judgment, raising one assignment of error.
 {¶ 6} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTS-APPELLANTS IN GRANTING THE PARTIAL MOTION FOR SUMMARY JUDGMENT."
 {¶ 7} This court conducts a de novo review of a trial court's decision on summary judgment. White v. DePuy, Inc. (1999), 129 Ohio App.3d 472,478. In applying the de novo *Page 3 
standard, we review the trial court's decision independently and without deference to the trial court's determination. Id. at 479. A court may grant summary judgment only when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence submitted that reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his favor. Civ. R. 56(C); Welco Indus., Inc.v. Applied Cos., 67 Ohio St.3d 344, 346, 1993-Ohio-191.
 {¶ 8} Appellants raise three issues with respect to the trial court's decision to grant appellees' motion for partial summary judgment. First, appellants argue that the trial court erred in granting appellees' partial summary judgment in regard to their motion for a declaratory judgment when it determined the July 15, 2007 amendment, which allowed for the continuation of the Company with a simple majority vote, was not applicable. This argument lacks merit.
 {¶ 9} Initially, it should be noted that "little case law exists regarding operation of LLC's, much less the specific issue of dissolution of an LLC under the terms of an operating agreement."Darwin Limes, LLC. v. Limes, Wood App. No. WD-06-049, 2007-Ohio-2261, ¶ 23. However, in regard to reviewing the language of an operating agreement, as well as the dissolution provision therein, "the cardinal purpose for judicial examination of any written instrument is to ascertain and give effect to the intent of the parties." Id. at ¶ 24, citing Foster Wheeler Enviresponse, Inc. v. Franklin Cty. ConventionFacilities Auth., 78 Ohio St.3d 353, 361, 1997-Ohio-202.
 {¶ 10} Furthermore, when "the terms in a contract are unambiguous, courts will not in effect create a new contract by finding an intent not expressed in the clear language employed by the parties." Holdeman v.Epperson, 111 Ohio St.3d 551, 2006-Ohio-6209, ¶ 12. As a result, once an operating agreement is reviewed and it appears that the terms of *Page 4 
the contract dictate the rights and obligations of the parties, the inquiry ends because "courts presume that the intent of the parties to a contract resides in language they chose to employ in the agreement." Id., citing Shifrin v. Forest City Ents., Inc., 64 Ohio St.3d 635, 638,1992-Ohio-28.
 {¶ 11} The applicable portions of the Operating Agreement, specifically Item VII titled "Dissolution," states, in pertinent part:
 {¶ 12} "In General. The Company shall be dissolved and liquidated upon the occurrence of any of the following events: * * *
 {¶ 13} "E. The withdrawal from the Company of a Member unless the remaining members vote unanimously to continue operation of the Company; * * *.
 {¶ 14} "Election to Continue. If, within ninety days of the happening of one of the dissolution triggering events referred to in this Item, the Members by unanimous vote decide to continue the Company, the Company shall continue operating under the terms and conditions of this Agreement."
 {¶ 15} Based on our review of the Operating Agreement, and in regard to the dissolution of the Company, we find that the language used in the agreement is clear and unambiguous and explicitly details the intent of the parties, i.e., the Company must dissolve if the remaining members do not unanimously vote to continue the Company within 90 days after any of the triggering events, including the withdrawal of any Company member.
 {¶ 16} In this case, Kevin Dudley withdrew from the Company on May 17, 2007, and it is undisputed that the nine remaining members never voted unanimously to continue the Company after his withdrawal. In fact, on June 5, 2007, Terry Dudley, another member of the Company, sent a letter specifically voting against such a continuation.
 {¶ 17} Appellants, however, argue that a unanimous vote was not required because a majority of the remaining members amended the Operating Agreement on July 15, 2007 and, *Page 5 
due to such amendment, only a majority vote of the remaining members was required to continue the Company. However, even though the remaining members attempted to amend the Operating Agreement in an effort to allow for the continuation of the Company by a simple majority vote, there is nothing in the record to indicate that the parties originally intended such a result. The original Operating Agreement, specifically Item VII Section A through F, deals explicitly and unambiguously with respect to the triggering events leading to the Company's dissolution and the requirements of the remaining members to continue the business after such an event occurs. To allow the remaining members to amend the Operating Agreement's dissolution procedures after one of its members withdraws from the Company, which is exactly what happened here, would effectively render Item VII of their original agreement meaningless, and furthermore, severely prejudice any member who wanted to withdraw from the Company, a right specifically provided for in Item V, Section E. As a result, because the language used by the parties is clear and unambiguous in regard to the dissolution of the Company, we find that the July 15 amendment cannot supersede and defeat the intent of the parties found in Item VII of the original Operating Agreement. Therefore, the trial court did not err in granting appellees' motion for partial summary judgment.
 {¶ 18} Appellants, in their remaining arguments, essentially claim that the Operating Agreement is in conflict with R.C. Chapter 1705, which is titled "Limited Liability Companies," and as a result, the trial court erred in failing to apply such statutory provisions. Although we are aware that "to the extent the operating agreement is in conflict with the statute, the statute takes precedence," appellants did not provide this court with a transcript of the proceedings and we were unable find any evidence to indicate that these issues were ever brought to the attention of the trial court. Holdeman, 2006-Ohio-6209 at ¶ 18. That being said, "[i]t is axiomatic that a party cannot raise new issues or legal theories for the first time *Page 6 
on appeal [and] [f]ailure to raise an issue before the trial court results in waiver of that issue for appellate purposes." Estate PlanningLegal Servs., P.C., v. Cox, Butler App. Nos. CA2006-11-140, CA2006-12-141, 2008-Ohio-2258, ¶ 17. Therefore, because appellants did not raise their remaining issues dealing with the applicability of R.C. Chapter 1705 in the trial court, such issues are now waived on appeal. Accordingly, appellants' sole assignment of error is overruled.
 {¶ 19} Judgment affirmed.
WALSH, P.J., and POWELL, J., concur.
[1] Pursuant to Loc. R. 6(A), we have sua sponte removed this appeal from the accelerated calendar. *Page 1