DUDLEY et al., Appellees,

v.

DUDLEY et al., Appellants.

[Cite as *Dudley v. Dudley*, 196 Ohio App.3d 671, 2011-Ohio-5870.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA2011–02–016.

Decided Nov. 14, 2011.

Andrew B. Crane and Thomas A. Dierling, for appellees.

David T. Davidson and Timothy A. Garry, Jr., for appellant.

---

PIPER, Judge.

{¶ 1} Defendants-appellants, Thomas Dudley, his six siblings, and Dudley Farms, L.L.C., appeal the decision of the Butler County Court of Common Pleas

granting the motion of plaintiffs-appellees, Terry, Kevin, and Karen Dudley, for attorney fees. We affirm the decision of the trial court.

{¶ 2} In 2004, ten Dudley siblings entered into an operating agreement whereby each held a 10 percent interest in their family-owned farming business. By virtue of the agreement, the Dudley family agreed that should one sibling withdraw from the business, a unanimous vote of the other nine siblings was necessary in order to continue the business and avoid dissolution and liquidation. In 2007, plaintiff Kevin Dudley withdrew from the company, and his brother, plaintiff Terry Dudley,[1] informed the other siblings that he would not vote to continue to business, thereby denying the unanimous vote needed to avoid dissolution. The remaining siblings (defendants) subsequently attempted to amend the agreement in order to continue the family business.

{¶ 3} Plaintiffs filed a multiclaim complaint and requested a declaratory judgment that the family business be dissolved and liquidated in accordance with the agreement. Plaintiffs eventually moved for partial summary judgment on one of the claims in the complaint, and the trial court granted the motion. Defendants then appealed the trial court's decision granting partial summary judgment, and this court affirmed the decision of the trial court. *Dudley v. Dudley*, Butler App. No. CA2008–07–165, 2009-Ohio-1166, 2009 WL 683702.

{¶ 4} The other claims remained open and unresolved after this court affirmed the partial summary judgment, and the case returned to the Butler County Court of Common Pleas for final adjudication of the other claims. On December 23, 2009, nine months after this court's decision, plaintiffs moved for an award of attorney fees pursuant to R.C. 2323.51. The trial court held a hearing in March 2010 and decided that the motion for attorney fees was timely made and awarded plaintiffs $15,556.58 in fees. Defendants now appeal the decision of the trial court, raising the following assignment of error.

{¶ 5} "The trial court erred to the prejudice of defendants-appellants in entering its judgment order granting plaintiffs' motion for award of attorneys' fees."

{¶ 6} Defendants argue in their single assignment of error that the trial court erred in granting plaintiffs' motion for attorney fees. In doing so, defendants raise three issues for our review.

{¶ 7} Defendants first argue that the trial court erred by finding their conduct frivolous. R.C. 2323.51(B)(1) provides that a trial court may award court costs, reasonable attorney fees, and other reasonable expenses incurred in connection with a civil action to a party adversely affected by frivolous conduct. Pursuant to

---

1.   Karen Vonderhaar also joined Kevin and Terry as plaintiffs in the action.

R.C. 2323.51(A)(1)(a), "conduct" is defined as "the filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, the filing of a pleading, motion, or other paper in a civil action, * * * or the taking of any other action in connection with a civil action."

{¶ 8} The trial court determined that defendants' conduct was frivolous under R.C. 2323.51(A)(2)(a)(ii), which defines "frivolous conduct" as "not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law."

{¶ 9} Appellate review of a trial court's decision regarding frivolous conduct involves mixed questions of law and fact. *Lucchesi v. Fischer*, Clermont App. No. CA2008-03-023, 2008-Ohio-5935, 2008 WL 4901810, ¶ 4. A court's factual determinations are accorded a degree of deference and will not be disturbed on appeal if there is competent, credible evidence in the record to support them. *In re K.A.G.-M.*, Warren App. No. CA2009-04-040, 2009-Ohio-6239, 2009 WL 4263353, ¶ 17, citing *Jackson v. Bellomy*, Franklin App. No. 01AP-1397, 2002-Ohio-6495, 2002 WL 31667233, ¶ 39, 45.

{¶ 10} However, legal questions, such as a whether a party's conduct is not warranted under existing law and cannot be supported by a good-faith argument for an extension, modification, or reversal of existing law, require a de novo review. *Ferron v. Video Professor, Inc.*, Delaware App. No. 08-CAE-09-0055, 2009-Ohio-3133, 2009 WL 1836486, ¶ 44. When an inquiry is purely a question of law, an appellate court need not defer to the judgment of the trial court. *Wiltberger v. Davis* (1996), 110 Ohio App.3d 46, 51-52, 673 N.E.2d 628.

{¶ 11} The trial court found that defendants did not have a good-faith argument supporting their attempts to modify the agreement after Kevin withdrew and Terry indicated that he would not supply his vote for the unanimous vote necessary to continue the operation. We agree with the trial court that the agreement was patently unambiguous and that defendants' attempt to modify the agreement in order for the family business to continue once Kevin withdrew was not warranted under the terms of the agreement or under contract law. This court held as much in our earlier decision, in which we affirmed the trial court's grant of partial summary judgment. *Dudley v. Dudley*, 2009-Ohio-1166, 2009 WL 683702.

{¶ 12} Defendants claim that their conduct was not frivolous, because they believed the terms of the agreement to be ambiguous and in need of judicial interpretation. However, "the finding of frivolous conduct under R.C. 2323.51 is determined without reference to what the individual knew or believed." *Bikkani*

*v. Lee,* Cuyahoga App. No. 89312, 2008-Ohio-3130, 2008 WL 2536983, ¶ 22, citing *Ceol v. Zion Indus., Inc.* (1992), 81 Ohio App.3d 286, 610 N.E.2d 1076.

{¶ 13} As this court stated in the previous *Dudley* case, defendants' claim that they could amend the agreement was not warranted under existing law. "Even though the remaining members attempted to amend the Operating agreement in an effort to allow for the continuation of the Company by a simple majority vote, there is nothing in the record to indicate that the parties originally intended such a result. The original Operating agreement, specifically Item VII Section A through F, deals explicitly and unambiguously with respect to the triggering events leading to the Company's dissolution and the requirements of the remaining members to continue the business after such an event occurs. To allow the remaining members to amend the Operating agreement's dissolution procedures after one of its members withdraws from the Company, which is exactly what happened here, would effectively render Item VII of their original agreement meaningless, and furthermore, severely prejudice any member who wanted to withdraw from the Company, a right specifically provided for in Item V, Section E. As a result, because the language used by the parties is clear and unambiguous in regard to the dissolution of the Company, we find that the July 15 amendment cannot supersede and defeat the intent of the parties found in Item VII of the original Operating agreement." 2009-Ohio-1166, 2009 WL 683702, at ¶ 17.

{¶ 14} After our de novo review, we find that defendants' conduct was not warranted under existing contract law and could not be supported by a good-faith argument for an extension, modification, or reversal of that law. Therefore, the trial court did not err by finding defendants' conduct frivolous or by awarding attorney fees.

{¶ 15} By way of their second issue, defendants assert that the trial court erred by finding that plaintiffs' motion for attorney fees under R.C. 2323.51 was timely filed. According to R.C. 2323.51(B)(1), "at any time not more than thirty days after the entry of final judgment in a civil action or appeal, any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal." Defendants argue that plaintiffs' motion was untimely because it was filed approximately 18 months after the decision of the trial court and approximately nine months after this court affirmed the trial court's grant of partial summary judgment.

{¶ 16} The Ohio Supreme Court addressed a similar issue in *Soler v. Evans, St. Clair & Kelsey* (2002), 94 Ohio St.3d 432, 763 N.E.2d 1169. Therein, the court addressed what the word "judgment" means as used in R.C. 2323.51 and determined that a party may file a motion pursuant to the statute "within

twenty-one days[2] of the last judgment rendered in the case." Id. at 436. However, the court also noted that "the plain meaning of the statute provides a means for an immediate judicial determination and a speedy sanctioning of such abuse." Id. Therefore, the court's holding in *Soler* makes clear that a party's motion may be made during the pendency of the proceedings or within the time frame currently permitted by the statute, within 30 days of the last judgment rendered in the case.

{¶ 17} The record is clear that plaintiffs filed their motion for attorney fees during the pendency of the case and before final judgment was rendered. Despite defendants' argument that the motion was untimely because it was not filed within 30 days of this court's previous decision in which we affirmed the decision of the trial court, that decision was specific to only one claim of plaintiffs' complaint. After this court affirmed the trial court's grant of partial summary judgment, there remained pending claims for final determination by the trial court. In fact, the trial court made several decisions subsequent to its order of attorney fees regarding the liquidation of the business and distribution of funds. The trial court also accepted plaintiffs' notice of voluntary dismissal of the remaining claims as of July 19, 2011, well after the motion for attorney fees had been ruled upon by the trial court.

{¶ 18} Therefore, a final judgment or the last judgment rendered in the case had not occurred at the time plaintiffs filed their motion for attorney fees pursuant to R.C. 2323.51, and their motion was timely. See *McCallister v. Frost*, Franklin App. No. 07AP–884, 2008-Ohio-2457, 2008 WL 2133078, ¶ 22 (finding that a motion for sanctions pursuant to R.C. 2323.51 was timely made when it was filed before the trial court's entry dismissing the claims against the defendant, which was the "last judgment rendered in the case").

█ {¶ 19} Defendants argue by their third issue that App.R. 23 permits an appellate court to award sanctions and that the trial court "encroached on the rights of" this court by requiring defendants to pay plaintiffs' expenses for the appeal. However, defendants never objected to the inclusion of attorney fees dedicated to the appellate process and have therefore waived this issue on appeal. See *Marder v. Marder*, Clermont App. No. CA2007–06–069, 2008-Ohio-2500, 2008 WL 2168415.

{¶ 20} During the hearing on plaintiffs' motion for fees, the trial court reviewed the number of hours expended by plaintiffs' counsel and determined that 93 percent of the hours were reasonably expended because of defendants' frivolous

---

**2.** At the time *Soler* was decided, the time frame for filing a motion for attorney fees was 21 days. The statute now provides 30 days for the timely filing of a motion for attorney fees but remains similar to the previous version in all other respects.

conduct, including several hours preparing plaintiffs' appellate brief in the previous *Dudley* decision before this court. At no time, however, did defendants object to the inclusion of hours related to the appellate process.

{¶ 21} Even so, R.C. 2323.51 does not limit a trial court's ability to order fees solely in relation to hours spent at the trial level. Instead, R.C. 2323.51(B)(1) specifically states that "any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action *or appeal*." (Emphasis added.) Therefore, the trial court was within its discretion to order fees associated with the previous appeal of this case.

{¶ 22} Having found that defendants' three arguments lack merit, we overrule their single assignment of error.

Judgment affirmed.

HENDRICKSON, P.J., and RINGLAND, J., concur.