[Cite as *Leesburg Fed. Sav. Bank v. McMurray*, 2012-Ohio-5435.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY

| | | |
|---|---|---|
| LEESBURG FEDERAL SAVINGS BANK n.k.a. Southern Hills Community Bank, | : | |
| | : | CASE NO. CA2012-02-002 |
| Plaintiff-Appellee, | : | O P I N I O N 11/26/2012 |
| - vs - | : | |
| | : | |
| GARY M. MCMURRAY, et al., | : | |
| Defendants-Appellants. | : | |
| | : | |

CIVIL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. 10 CVH 00543

Richard L. Goettke, 213 North Broadway, Blanchester, Ohio 45107, for plaintiff-appellee

Gary M. McMurray, 1401 Courtney Drive, Washington C.H., Ohio 43160, defendant, *pro se*

Jess C. Weade, 129 North Hinde Street, Washington C.H., Ohio 43160, for defendants-appellants, Billy Parrish and Parrish Trucks & Equip., LLC

**RINGLAND, P.J.**

{¶ 1} Defendants-appellants, Billy Parrish and Parrish Trucks and Equipment (Parrish), appeal a decision of the Fayette County Court of Common Pleas finding that Parrish did not obtain a lien over a motor vehicle. For the reasons stated below, we affirm.

{¶ 2} In December 2002, Parrish entered into an oral agreement with Gary McMurray

to store a 1966 Corvette Stingray in Parrish's place of business.[1] Parrish is in the business of transporting and storing vehicles and agreed to store McMurray's Stingray in an indoor heated facility. At trial, the owner of Parrish testified that storing vehicles in an indoor heated facility helps retain the value of the vehicle because it prevents the vehicle from rusting and decaying. Parrish and McMurray agreed that Parrish would store the Stingray for a monthly charge of $200.

{¶ 3} Parrish stored McMurray's Stingray from December 2002, until October 2011. In May 2010, Parrish repaired several items on the car to prepare the car to sell. Although McMurray received an annual bill every year in January, McMurray failed to pay Parrish the storage fees or the repair fees of the Stingray. McMurray's storage fees eventually accumulated to $21,200 and the repair amounted to $2,608.16. During this time, Parrish made no attempt to collect the storage or repair fees from McMurray besides sending McMurray an annual bill.

{¶ 4} In 2007, appellee, Leesburg Federal Savings Bank, issued a note to McMurray for $30,000.[2] As security for that note, a security interest in the Stingray was conveyed to Leesburg. Shortly thereafter, the clerk of courts entered a notation of the security agreement on the face of the Stingray's certificate of title. Leesburg was not aware that the Stingray was being stored with Parrish or that McMurray owed a large sum for storing the vehicle. McMurray paid the interest on the note and renewed the same until 2010 at which time McMurray filed Chapter 7 bankruptcy. In McMurray's bankruptcy action, Parrish was not included as a creditor and the debt owed to Leesburg was discharged while Leesburg's security interest in the Stingray remained valid.

---

1. Gary McMurray is a defendant in this action but has not filed a brief in this appeal.

2. Leesburg Federal Savings Bank became known as Southern Hills Community Bank during the course of the litigation.

{¶ 5}   Thereafter, McMurray defaulted on the note to Leesburg. Leesburg made a demand upon McMurray to pay the amount due on the note.   On November 29, 2010, Leesburg filed a complaint against both McMurray and Parrish seeking payment of the note or alternatively possession of the Stingray.  Leesburg alleged that its security interest entitled it to have possession of the vehicle.  Parrish responded by asserting that it was entitled to possession of the vehicle as it obtained a lien on the vehicle and thus had priority over Leesburg's security interest.  A bench trial was held on October 28, 2011.  On January 30, 2012, the trial court found that Parrish did not acquire a lien over the Stingray and that Leesburg's security interest was the only lien on the vehicle.  The court then granted Leesburg possession of the vehicle.  However, the court awarded Parrish the cost of repairs to the Stingray based on the theory of quantum meruit.  Parrish appealed the trial court's decision, asserting a sole assignment of error:

{¶ 6}   THE TRIAL COURT ERRED BY HOLDING THAT PARRISH WAS A BAILEE FOR HIRE THAT ACQUIRED NO LIEN FOR STORAGE UNDER THE COMMON LAW. PARRISH TOWED THE STINGRAY TO HIS PLACE OF BUSINESS IN 2002 AND IMPROVED THE STRINGRAY WHILE IN HIS CARE THEREBY ACQUIRING AN ARTISAN'S LINE [sic] ON THE STINGRAY, WHICH WOULD BE THE LIEN OF HIGHEST PRIORITY.

{¶ 7}   Parrish challenges the trial court's decision, claiming it acquired a common law artisan's lien over the Stingray.  Specifically, Parrish asserts that it obtained an artisan's lien over the Stingray because it improved the vehicle by storing it in an indoor heated facility. Thus, the artisan's lien entitled Parrish to possession of the vehicle as its rights were superior to Leesburg's rights.  Parrish also argues that even if it did not obtain an artisan's lien over the Stingray it was entitled to the storage fees due to the doctrine of quantum meruit.

{¶ 8}   The facts in this case are not in dispute.  Instead, the parties argue over

questions of law, at what point a party obtains an artisan's lien, and when a party is entitled to recover under quantum meruit. *See Dudley v. Dudley*, 196 Ohio App.3d 671, 2011-Ohio-5870, ¶ 10 (12th Dist.). Courts review questions of law de novo, according no deference to the trial court's decision on the matter. *Id.*

**{¶ 9}** Parrish's first argument is that it acquired an artisan's lien over the Stingray. When a creditor acquires a lien over property before a secured party perfects its security interest, the lien creditor will have superior rights to the property. R.C. 1309.317(A)(2). However, when a secured party acquires an interest in a motor vehicle before a lien creditor and follows the requirements of R.C. 4505.13(B), the secured party will have superior rights to the vehicle. R.C. 4505.13(B); *Commonwealth v. Berry*, 2 Ohio St.2d 169 (1965).[3] Thus, if this court finds that Parrish obtained an artisan's lien over the vehicle before Leesburg's security interest, Parrish's interest will be superior to Leesburg's. Conversely, Leesburg's interest will prevail if Parrish is found not to have acquired an artisan's lien at all or if Parrish acquired its lien after Leesburg's security interest.

**{¶ 10}** At common law, an artisan, who furnishes materials or performs labor for the repair of chattel property, has a lien upon that property for the reasonable value of such labor and materials. *Cleveland Auto Top & Trimming Co. v. American Finance Co.*, 124 Ohio St. 169, syllabus (1931). This lien attaches from the date the labor and materials are furnished. *Metropolitan Securities Co. v. Orlow*, 107 Ohio St. 583 (1923). More recently, the General Assembly codified artisan's liens with respect to personal property in R.C. 1333.41. However, the statute specifically excludes motor vehicles. R.C. 1333.41(E); *Berry* at 170. Therefore, artisan's liens over motor vehicles remain governed by the common law.

---

3. In *Berry*, the Supreme Court found that the statute governing a security interest in a motor vehicle, R.C. 4505.13, prevails over the statute governing the priority of artisan's liens, R.C. 1309.29. Since *Berry*, R.C. 1309.29 has been repealed and R.C. 1309.333, which governs the priority of possessory liens, was adopted. Although *Berry* discussed the interaction between R.C. 1309.29 and R.C. 4505.13, we find that *Berry* is still applicable to the case at bar as R.C. 1309.333 is substantially similar to R.C. 1309.29.

{¶ 11} The common law provides that when a garage owner repairs a motor vehicle, unless the contract between the parties provides otherwise, the garage owner obtains an artisan's lien over the vehicle. *Alcorn v. Moreland*, 12th Dist. No. CA87-11-092, 1989 WL 6166, *3 (Jan. 30, 1989); *State v. Pawloski*, 188 Ohio App.3d 267, 2010-Ohio-3504, ¶ 17 (8th Dist.). Thus, a garage owner may retain possession of the motor vehicle as security for the value of the repairs. *Pawloski* at ¶ 17. In order for a garage owner to obtain an artisan's lien over a motor vehicle, the garage owner must "impart[] or confer[] value upon the automobile by virtue of his 'performing work or furnishing material' for the automobile." *Candler v. Ash*, 53 Ohio App.2d 134, 136, (6th Dist.1976), quoting *Gulf Ins. Group v. Trester*, 22 Ohio App.2d 172 (1st Dist.1970).

{¶ 12} In *Alcorn*, this court found that a garage owner who merely stored a stolen vehicle did not obtain an artisan's lien over the vehicle for the reasonable value of his labor and materials. *Id.* at *4. In so holding, this court reasoned that an artisan's lien was not acquired because in towing and storing the vehicle, the garage owner didn't improve, alter, or expend any time or labor in storing the vehicle. *Id.* at *4. *See Candler* at 136. On the other hand, the Sixth District has found that a mechanic obtained an artisan's lien over a vehicle when the mechanic removed and inspected parts of an engine. *Shearer v. Bill Garlic Motors Inc.*, 59 Ohio App.2d 320 (6th Dist.1977). In *Shearer*, the court reasoned that the mechanic acquired an artisan's lien because removing and inspecting an engine requires the expenditure of labor, skill, and imparts additional value to the vehicle because the old engine would always have to be removed before a new engine is installed. *Id.* at 323.

{¶ 13} In the present case, Parrish argues that by storing the vehicle in an indoor, secured, heated facility, it improved the Stingray because otherwise the vehicle would have decayed and its value would have decreased. However, we find that Parrish did not obtain an artisan's lien over the Stingray by warehousing the vehicle. Similar to this court's decision

in *Alcorn*, Parrish only stored the vehicle and did not repair or perform work on the vehicle prior to Leesburg's perfection of its security interest. Preventing decay of a vehicle by storing it in an indoor facility is quantitatively different than improving a vehicle. Unlike *Shearer*, where the mechanic improved the car and expended his skill in removing and inspecting an engine, Parrish did not exert any labor over the Stingray. Therefore, Parrish did not obtain an artisan's lien by storing the vehicle.

{¶ 14} Although we find that Parrish did not obtain an artisan's lien over the Stingray by storing the vehicle, Parrish performed labor on the vehicle after Leesburg acquired a security interest in the vehicle. As noted above, an artisan's lien is created when a garage owner imparts or confers value on personal property, such as repairing a motor vehicle. Therefore, the trial court technically erred when it found that Parrish acquired no lien on the Stingray. However, we find this error harmless as the trial awarded Parrish the value of the repairs based upon the theory of quantum meruit. Civ.R. 61. Moreover, even if the trial court did not award Parrish the value of the repairs, Parrish still would not have been entitled to compensation for the repairs. The sale of the Stingray did not cover the amount owed to Leesburg and Parrish's lien would have been subordinate to Leesburg's security interest as it was perfecteded after Leesburg's security interest. Therefore, we find the trial court's error harmless.

{¶ 15} Parrish's second argument is that even if it did not acquire an artisan's lien over the Stingray, it was entitled to the storage fees under the theory of quantum meruit. Parrish points to *Alcorn*, 12th Dist. No. CA87-11-092, 1989 WL 6166 at *8, where this court, under the doctrine of quantum meruit, awarded a portion of the garage owner's storage fees even though the garage owner did not obtain an artisan's lien over the vehicle.

{¶ 16} Under the theory of quantum meruit or unjust enrichment, a party can recover its damages if he or she can establish that (1) his or her actions conferred a benefit on the

- 6 -

defendant, (2) the defendant knew of the benefit that had been conferred upon him or her, and (3) it would be unjust to allow the defendant to retain the benefit conferred upon him or her without requiring the defendant to pay for that benefit. *JS Productions, Inc. v. G129, L.L.C.*, 12th Dist. No. CA2011-02-029, 2011-Ohio-4715, ¶ 19. In *Alcorn*, this court awarded the garage owner some of the storage charges for storing a stolen vehicle. This court reasoned that the owner should be responsible for the charges associated with the period of time that the owner of the vehicle knew that the vehicle was being stored because a benefit was conferred on the owner. *Id.* at *8.

{¶ 17} We disagree that Parrish is entitled to the storage fees under the theory of quantum meruit. In order for a party to recover under this theory, the party that received the benefit had to be *aware* of the benefit conferred upon him or her. There is no evidence that Leesburg was aware that Parrish was storing the Stingray. At trial, the evidence established that at the time of the signing of the security agreement, McMurray did not inform Leesburg that Parrish was storing the vehicle. Moreover, Leesburg did not inspect the Stingray as part of entering into the security agreement. Additionally, there was no evidence presented at trial that Leesburg became aware that the Stingray was being stored with Parrish. Consequently, this case is distinguishable from *Alcorn* because Leesburg never acquired knowledge that Parrish was storing the vehicle. Thus, the trial court did not err in failing to grant Parrish storage fees under quantum meruit.

{¶ 18} Thus, the trial court did not err in finding that Parrish did not acquire an artisan's lien for storing the vehicle and the court's error in finding that Parrish did not obtain an artisan's lien for the repairs to the vehicle was harmless. Additionally, Parrish was not entitled to compensation for the storage fees under the doctrine of quantum meruit. Parrish's sole assignment of error is overruled.

{¶ 19} Judgment affirmed.

PIPER and YOUNG, JJ., concur.


Young, J., retired, of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 6(C), Article IV of the Ohio Constitution.