[Cite as *Wells Fargo Bank, N.A. v. Geiser*, 2014-Ohio-3379.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| WELLS FARGO BANK, N.A., | : | |
| Plaintiff-Appellee, | : | CASE NO.  CA2013-06-103 |
| | : | O P I N I O N |
| - vs - | | 8/4/2014 |
| | : | |
| LARRY GEISER, et al., | : | |
| Defendants-Appellants. | : | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV 2011 11 3938

Lerner, Sampson & Rothfuss, LPA, Richard Mark Rothfuss II, Bill L. Purtell, 120 East Fourth Street, Suite 800, Cincinnati, Ohio 45202, for plaintiff-appellee

Goering & Goering, LLC, Robert A. Goering, T. Martin Jennings, 220 West Third Street, Cincinnati, Ohio 45202, for defendants-appellants, Larry & Jacqueline Geiser

**HENDRICKSON, P.J.**

{¶ 1}  Defendant-appellants, Larry and Jacqueline Geiser, appeal from a decision of the Butler County Court of Common pleas granting summary judgment and a decree in foreclosure in favor of plaintiff-appellee, Wells Fargo Bank, N.A. (Wells Fargo).  For the reasons discussed below we affirm the decision of the trial court.

{¶ 2}  On August 31, 2006, appellants executed a promissory note in favor of Taylor,

Bean & Whitaker Mortgage Corp., in the amount of $309,500 for the purchase of real property commonly known as 8077 Eagle Ridge Drive in West Chester, Butler County, Ohio. The note was secured by a mortgage that designated appellants as the borrowers, Taylor, Bean & Whitaker Mortgage Corp. as the lender, and Mortgage Electronic Registration Systems, Inc. (MERS) as the mortgagee. According to the mortgage documents, MERS was acting as nominee for Taylor, Bean & Whitaker Mortgage Corp., as well as any of its successors and assigns. Appellants both initialed and signed the mortgage document, and the mortgage was subsequently recorded on September 5, 2006. On September 19, 2009, MERS assigned the mortgage to Wells Fargo, and the assignment was recorded on September 23, 2009.

{¶ 3} On November 7, 2011, Wells Fargo filed a complaint seeking to foreclose on the Eagle Ridge property. In its complaint, Wells Fargo alleged it was the holder of the promissory note secured by the mortgage on the Eagle Ridge property and the note had been defaulted on in the amount of $299,990.14, together with interest and costs at the rate of seven percent per year from July 1, 2009. Wells Fargo further alleged it had a valid first lien on the property and it sought to have the mortgage foreclosed, the property sold, and the proceeds distributed.[1] Attached to the complaint was the note, which had been indorsed in blank by Erla Carter-Shaw, the Vice-President for Taylor, Bean & Whitaker Mortgage Corp., the mortgage, and the assignment of the mortgage from MERS to Wells Fargo.

{¶ 4} Appellants filed an answer denying the allegations set forth in the complaint and asserting two affirmative defenses: (1) Wells Fargo was not the real party in interest as required by Civ.R. 17(A), and (2) Wells Fargo was precluded by the automatic bankruptcy

---

1. LCNB National Bank and Beckett Ridge Association-1 were also listed as defendants in the foreclosure action. The trial court entered default judgment against Beckett Ridge Association-1 for its failure to file an answer or otherwise appear in the action. LCNB National Bank appeared in the action and was found to have an interest in the property, but its interest was junior in priority to Wells Fargo's interest. Neither LCNB National Bank nor Beckett Ridge Association-1 are parties to the present appeal.

stay set forth in 11 U.S.C. 362 from pursuing its foreclosure claim as appellants were involved in a Chapter 11 bankruptcy proceeding.

{¶ 5} On January 4, 2013, Wells Fargo filed a motion for summary judgment, arguing that appellants were delinquent in making payments on the note and that $299,990.14 plus interest was due and owed.[2] Wells Fargo asserted it was the real party in interest as it was the holder of the indorsed in blank promissory note and the holder of the mortgage by assignment. It further argued that upon confirmation of appellants' bankruptcy plan in August 2010, the Eagle Ridge property was removed from the bankruptcy estate, the property re-vested to appellants, and the automatic bankruptcy stay lifted. In support of its arguments, Wells Fargo attached the affidavit of Nancy Manning, a Vice President of Loan Documentation for Wells Fargo. In her affidavit, Manning averred that Wells Fargo was the holder of the note and mortgage, appellants failed to make payments as required under the terms of the note and mortgage, appellants' default had not been cured, the debt had been accelerated pursuant to the terms of the loan, and the total due under the note was $299,990.14, plus interest and costs. Attached to Manning's affidavit were copies of the note, mortgage, and assignment of the mortgage.

{¶ 6} Appellants filed a memorandum opposing summary judgment, arguing the automatic bankruptcy stay had not been lifted and Wells Fargo failed to demonstrate it was the real party in interest. With respect to their real party in interest argument, appellants challenged the validity of the assignment of the mortgage. Essentially appellants contended that the assignment was not valid as MERS sought to transfer the mortgage "as nominee for Taylor, Bean & Whitaker, its successors and assigns" to Wells Fargo, when the mortgage

---

2. Wells Fargo's motion for summary judgment was not properly docketed below. However, upon a joint motion by the parties to supplement the record, Wells Fargo's motion for summary judgment and the affidavit submitted in support of said motion were included in the record on appeal. *See Wells Fargo Bank, N.A. v. Geiser*, 12th Dist. Butler CA2013-06-103 (Nov. 15, 2013) (Entry Granting Joint Stipulation to Supplement the Record).

document lists the lender as "Taylor, Bean & Whitaker *Mortgage Corp.*" Appellants also argued Wells Fargo was not the real party in interest as they received a letter, dated November 7, 2012, from "Wells Fargo Home Mortgage" informing them that their mortgage had been transferred to "Wells Fargo Bank, N.A." In support of their arguments, appellants attached the docket sheet from their Chapter 11 bankruptcy case and the November 7, 2012 letter. Neither of these documents, however, were certified or incorporated by reference through an affidavit.

{¶ 7} On February 12, 2013, the trial court issued an order granting summary judgment to Wells Fargo. The trial court determined, "Wells Fargo satisfied its burden of establishing its prima facie entitlement to judgment as a matter of law by presenting the note, mortgage, assignment, and evidence of the Geisers' default, as well as by addressing their affirmative defenses." The trial court further determined appellants had not met their burden of presenting evidence demonstrating a triable issue of fact existed to preclude judgment from being entered. In so holding, the trial court found the documents attached to appellants' memorandum in opposition were not admissible under Civ.R. 56(E) as the documents were not properly attached or incorporated by reference through an affidavit.

{¶ 8} On May 30, 2013, the trial court issued a final appealable order granting summary judgment and a decree in foreclosure to Wells Fargo. Appellants timely appealed, raising as their sole assignment of error the following:

{¶ 9} [WELLS FARGO] IS NOT THE REAL PARTY IN INTEREST. THE TRIAL COURT ERRED GRANTING [WELLS FARGO'S] MOTION FOR SUMMARY JUDGMENT AND DECREE IN FORECLOSURE.

{¶ 10} On appeal, appellants contend that the trial court erred by entering summary judgment in favor of Wells Fargo as a genuine issue of material fact exists as to whether Wells Fargo is the real party in interest. Appellants contend that Wells Fargo "has not

received a proper assignment of the [m]ortgage and [n]ote. * * * [T]here is a question of fact as it relates to the assignment from Taylor, Bean & Whitaker to Wells Fargo Bank, N.A."[3] Wells Fargo, on the other hand, contends that summary judgment was properly rendered as no genuine issues of material fact remain regarding its entitlement to foreclose on the Eagle Ridge property and collect the sums due under the terms of the promissory note.

{¶ 11} This court's review of a trial court's ruling on a motion for summary judgment is de novo. *Grizinski v. Am. Express Fin. Advisors, Inc.*, 187 Ohio App.3d 393, 2010-Ohio-1945, ¶ 14 (12th Dist.). "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial." *Morris v. Dobbins Nursing Home*, 12th Dist. Clermont No. CA2010-12-102, 2011-Ohio-3014, ¶ 14, citing *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 383 (8th Dist.1997). Summary judgment is appropriate when there are no genuine issues of material fact to be litigated, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(C); *Williams v. McFarland Properties, L.L.C.*, 177 Ohio App.3d 490, 2008-Ohio-3594, ¶ 7 (12th Dist.).

{¶ 12} To prevail on a motion for summary judgment, the moving party must be able to point to evidentiary materials that show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied." *Id.* However, if the moving party meets its burden,

---

3. Appellants also argue, for the first time on appeal, that "[t]he original [m]ortgage holder was out of business before the first assignment was made." Presumably appellants are arguing that at the time the note and/or mortgage was transferred to Wells Fargo, the entity Taylor, Bean and Whitaker Mortgage Corp. was no longer in existence. "It is axiomatic that a party cannot raise new issues or legal theories for the first time on appeal and failure to raise an issue before the trial court results in waiver of that issue for appellate purposes." *Dudley v. Dudley*, 12th Dist. Butler No. CA2008-07-165, 2009-Ohio-1166, ¶ 18. As appellants did not present this argument to the trial court, we need not consider the issue on appeal.

then the burden shifts to the nonmoving party to present evidence demonstrating that some issue of material fact remains to be resolved. *Id.* "All evidence submitted in connection with a motion for summary judgment must be construed most strongly in favor of the party against whom the motion is made." *Dobbins Nursing Home* at ¶ 15, citing *Morris v. First Natl. Bank & Trust Co.*, 21 Ohio St.2d 25, 28 (1970).

{¶ 13} Appellants argue that Wells Fargo is not the real party in interest. Civ.R. 17(A) provides that "[e]very action shall be prosecuted in the name of the real party in interest." A real party in interest, therefore, "is one who can discharge the claim upon which the suit is brought * * * [or] is the party who, by substantive law, possesses the right to be enforced." *BAC Home Loans Servicing, L.P. v. Hall*, 12th Dist. Warren No. CA2009-10-135, 2010-Ohio-3472, ¶ 14. "In a foreclosure action, the real party in interest is the entity that is the current holder of the note and mortgage." *Bank of New York Mellon v. Blouse*, 12th Dist. Fayette No. CA2013-02-002, 2013-Ohio-4537, ¶ 10, citing *Deutsche Bank Natl. Trust Co. v. Sexton*, 12th Dist. Butler CA2009-11-288, 2010-Ohio-4802, ¶ 9.[4]

{¶ 14} A person who is entitled to enforce an instrument includes "[t]he holder of the instrument." R.C. 1303.31(A)(1). A holder includes a person who is in possession of an instrument payable to bearer. R.C. 1301.01(T)(1)(a).[5] "When an instrument is indorsed in blank, the instrument becomes payable to bearer and may be negotiated by transfer of possession alone." R.C. 1303.25(B).

---

4. Appellants do not challenge Wells Fargo's standing to bring the foreclosure suit. As discussed by the Ohio Supreme Court in *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, the real-party-in-interest rule and standing are two separate concepts. "[T]he real-party-in-interest rule concerns only proper party joinder. Civ.R. 17(A) does not address standing." *Id.* at ¶ 33. As appellants have limited their argument to the real party in interest concerns, we will not address the issue of standing.

5. R.C. 1301.01 was repealed by Am.H.B. No. 9, 2011 Ohio Laws File 9, effective June 29, 2011. The act amended the provisions of R.C. 1301.01 and renumbered that section so that it now appears at R.C. 1301.201. Because R.C. 1301.201 only applies to transactions entered on or after June 29, 2011, we apply R.C. 1301.01 to this appeal.

{¶ 15} In the present case, Wells Fargo demonstrated it was the holder of the note and mortgage. Wells Fargo introduced into evidence a copy of the note, which had been indorsed in blank by Carter-Shaw, the Vice-President for Taylor, Bean & Whitaker Mortgage Corp., and copies of the mortgage and the assignment of the mortgage from MERS to Wells Fargo. These documents, combined with Manning's averment that Wells Fargo is the holder of the note and mortgage, were sufficient to demonstrate that Wells Fargo was the real party in interest entitled to enforce the note and foreclose on the mortgage. Appellants failed to present any admissible evidence raising a genuine issue of fact regarding Wells Fargo's right to enforce the note and mortgage.

{¶ 16} Additionally, we find no merit to appellants' argument that the assignment of the mortgage from MERS to Wells Fargo was invalid. As an initial matter, we note that appellants lack standing to challenge the validity of the assignment from MERS to Wells Fargo. *See Bank of New York Mellon v. Putman*, 12th Dist. Butler No. CA2012-12-267, 2014-Ohio-1796, ¶ 24 (finding mortgagor lacked standing to challenge an assignment of a mortgage between MERS and Bank of New York Mellon); *see also U.S. Bank, N.A. v. Lawson*, 5th Dist. Delaware No. 13CAE030021, 2014-Ohio-463, ¶ 39-40; *Bank of New York Mellon Trust, Co. v. Unger*, 8th Dist. Cuyahoga No. 97315, 2012-Ohio-1950, ¶ 35. However, even if appellants could challenge the assignment, Ohio courts have "consistently held that MERS has authority to assign a mortgage when it is designated as both a nominee and mortgagee." *Putman* at ¶ 25, citing *BAC Home Loans Servicing L.P. v. Haas*, 3d Dist. Marion No. 9-13-40, 2014-Ohio-438, ¶ 28. By signing the mortgage, appellants contractually agreed that MERS possessed the power to transfer rights in the Eagle Ridge property. From Manning's averments and the attached assignment of the mortgage, Wells Fargo demonstrated it was the holder of the mortgage by assignment from MERS.

{¶ 17} Accordingly, having found that Wells Fargo demonstrated that it was the holder

of the note and mortgage, we find that it was the real party in interest.  We further find that the trial court did not err in granting summary judgment to Wells Fargo as the documents attached to its motion for summary judgment demonstrated it was entitled to judgment as a matter of law.  Appellants' sole assignment of error is, therefore, overruled.

{¶ 18} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.