MASTRAN, APPELLANT, *v.* URICHICH ET AL., APPELLEES.

[Cite as Mastran *v.* Urichich (1988), 37 Ohio St. 3d 44.]

(No. 87-616—Submitted March 15, 1988—Decided May 25, 1988.)

*Comstock, Springer & Wilson* and *Marshall D. Buck,* for appellant.

*R. Scott Krichbaum, Charles E. Dunlap* and *David A. Bobovnyik,* for appellees.

FAIN, J. The issue in this case is whether, when a mistrial has been declared with respect to one of two co-defendants in a civil case, but not as to the second co-defendant, so that the jury is charged with determining only the liability of the second co-defendant, out-of-court statements made by the first co-defendant may be admitted in evidence as an exception to the hearsay rule, pursuant to Evid. R. 801(D) (2). We hold that they may not be so admitted.

I

Mastran argues that Nick remained as a party in the case after the declaration of mistrial with respect to him; therefore, Mastran contends, his out-of-court statements may be proven as an admission by a party pursuant to Evid. R. 801(D)(2).

Marion argues that Nick was no longer a party, at least for this purpose, after the declaration of a mistrial.

In our view, it does not matter whether Nick continued, after the mistrial, to be a party for purposes of Evid. R. 801(D)(2). Even if he were still a party for this purpose, the hearsay exception contained in Evid. R. 801(D)(2) does not apply.

Evid. R. 801(D) provides in part as follows:

"A statement is not hearsay if:
"* * *

"(2) *Admission by party-opponent.* The statement is offered against a party and is (a) his own statement, in either his individual or a representative capacity, or (b) a statement of which he has manifested his adoption or belief in its truth, or (c) a statement by a person authorized by him to make a statement concerning the subject, or (d) a statement by his agent or servant concerning a matter within the scope of his agency or employment, made during the existence of the relationship, or (e) a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy upon independent proof of the conspiracy."

Mastran does not claim clause (b), (c), or (e) of the rule to be applicable to Nick's out-of-court statements. At oral argument, her counsel conceded that clause (d) is not applicable because it is clear from the record that at the time of Nick's alleged negligence he was not within the course and scope of his employment with his father, but was solely engaged in his own business.

Mastran relies upon clause (a) of the rule, but the problem with this is that Nick's out-of-court statements were not offered against the party who

had made them—Nick—even if he is properly regarded as a party for this purpose. At the time that the statements were made, the jury had before it only the issue of Marion's liability. The issue of Nick's liability was not before the jury. Therefore, Nick's out-of-court statements, while relevant to the issue of his negligence, an element of the negligent entrustment case against his father, were not offered against Nick, but against Marion, and Marion did not make the statements. Thus, the statements did not satisfy the twin requirements of: (i) being offered against a party, and (ii) being that party's own statement.

The rationale underlying the hearsay rule is the lack of trustworthiness of statements alleged to have been made outside the presence of the factfinder. Similarly, the reasons underlying the exceptions to the hearsay rule involve circumstances tending to establish a statement's trustworthiness notwithstanding that it was made outside the presence of the factfinder. Thus, the reason for permitting in evidence an out-of-court statement offered against the party who made it is said to be that:

"* * * Problems of trustworthiness are not critical in this class of admission since the opposing party controls the decision to introduce the statement and the party declarant will be in court to refute any unfavorable impact of the statement." Staff Note to Evid. R. 801(D)(2)(a).

The fact that the statement is offered against the declarant-party reasonably assures that he will refute it to the extent that he is able.

In this case, it is possible that Nick's filial relationship made it likely that he would refute, to the extent that he was able to do so, any unfavorable impacts of his out-of-court statements upon his father's defense. In general, however, one of two co-defendants cannot always be counted upon to refute unfavorable impacts of his out-of-court statements upon the other co-defendant's defense. For example, had Nick been merely his father's employee, and not his son; had he been fired as a result of the accident; and had he and the plaintiff continued to be good friends after the accident, there would be cause to doubt whether he could have been counted upon to refute the unfavorable impacts of his out-of-court statements upon his employer's defense.

As we understand the reason underlying Evid. R. 801(D)(2)(a), that exception to the hearsay rule is limited in its scope to the admission of out-of-court statements against the party who made them. See *Ferry* v. *Cicero* (1971), 12 Md. App. 502, 280 A. 2d 37, in which the Court of Special Appeals of Maryland upheld a trial court's limiting instruction in which the trial court instructed the jury that it might consider one co-defendant's out-of-court statement, offered by her co-defendant, as against the declarant-co-defendant, but that it might not consider the same out-of-court statement as against the plaintiffs, being the other parties in the case. Thus, even if the mistrial with respect to Nick had not occurred, so that the same jury had been charged with determining the liability of both father and son, the father would have been at least entitled to a limiting instruction with respect to his son's out-of-court statements.[2]

We agree with the court of appeals

---

[2] We have not been asked to consider whether the bifurcation that resulted from the partial mistrial was either necessary or proper, under the circumstances. We note

that Nick's out-of-court statements should not have been admitted against his father. These statements were prejudicial, being the only evidence offered in plaintiff's case to prove Nick's negligent operation of the automobile, a necessary element in the negligent entrustment case against Marion. Therefore, we affirm the judgment of the court of appeals reversing and remanding for a new trial.

## II

Mastran has contended that Nick's out-of-court statements allegedly made to a nurse at the hospital where he was taken following the accident were admissible pursuant to Evid. R. 803(6), since they were recorded by Sister Mary Paul McKenna as part of a patient record regularly prepared by the hospital. The appellate court rejected this contention. We also reject this contention for the reason that a statement made to medical personnel by the victim of an accident as to the cause of the accident lacks the trustworthiness ordinarily associated with the keeping of business records.

Evid. R. 803 provides in part as follows:

"The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

"* * *

"(6) *Records of regularly conducted activity.* A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or as provided by Rule 901(B)(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term 'business' as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit."

It has been consistently held by this court that statements by a patient concerning the cause of his injury, recorded in a hospital record, are not admissible as an exception to the hearsay rule. See *Schmitt* v. *Doehler Die Casting Co.* (1944), 143 Ohio St. 421, 28 O.O. 366, 55 N.E. 2d 644; *Green* v. *Cleveland* (1948), 150 Ohio St. 441, 38 O.O. 311, 83 N.E. 2d 63. See, also, *Weis* v. *Weis* (1947), 147 Ohio St. 416, 34 O.O. 350, 72 N.E. 2d 245.

Although records of readily observable facts or conditions kept in the regular course of business for the purposes of the business are admissible under Evid. R. 803(6) on account of the ordinary trustworthiness associated with such records, a hospital record of a patient's narration of those events pertaining to the occasion of his having resorted to the hospital, and having no reference to his medical or surgical treatment, has been recognized by this

---

that Nick moved, just prior to jury selection, for bifurcation, but the trial court overruled his motion. The bifurcation that effectively resulted from the partial declaration of mistrial was not awarded as a matter of right to either defendant, but was a byproduct of the trial court's decision to declare a mistrial with respect to one defendant, but not the other. Presumably, the trial court remains free to consider, upon remand, any motion that any party may make to bifurcate, or to consolidate, issues in this case.

court to be inadmissible as hearsay on hearsay, outside the scope of the business records exception. See *Weis v. Weis, supra,* at 427, 34 O.O. at 355, 72 N.E. 2d at 251.

To be sure, these cases predated the adoption of the Rules of Evidence in 1980. However, Evid. R. 102 provides that the rules shall be construed to state the common law of Ohio unless the rules clearly indicate that a change is intended. Evid. R. 803(6) does not clearly indicate an attempt to change the common-law rule of inadmissibility of that portion of a hospital report which reflects the patient's narration of details of the accident which brought him to the hospital. Accordingly, we reject Mastran's contention that Nick's out-of-court statements embodied in the hospital records, relating to the cause of the accident, should be admitted pursuant to Evid. R. 803(6), and affirm the court of appeals in this regard.

III

Although Mastran also challenges the holding of the court of appeals reversing the award of prejudgment interest based on Marion's failure to make a good faith effort to settle this case, we find it unnecessary to reach that issue. The disposition of this case upon retrial may affect the viability of Mastran's claim of lack of good faith in settlement negotiations.

The judgment of the court of appeals is affirmed as hereinabove set forth.

*Judgment accordingly.*

SWEENEY, Acting C.J., LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

MIKE FAIN, J., of the Second Appellate District, sitting for MOYER, C.J.