JOHN SOLIDAY FINANCIAL GROUP, L.L.C., Appellant,

v.

PITTENGER, Appellee.

[Cite as *John Soliday Fin. Group, L.L.C. v. Pittenger*,
190 Ohio App.3d 145, 2010-Ohio-4861.]

Court of Appeals of Ohio,
Fifth District, Richland County.

No. 10 CA 17.

Decided Sept. 30, 2010.

Cheek Law Offices and Parri J. Hockenberry, for appellant.

Gregory S. Reichenbach, for appellee.

WISE, Judge.

{¶ 1} Plaintiff-appellant, John Soliday Financial Group, L.L.C., appeals the August 13, 2009 magistrate's decision and the December 30, 2009 judgment entry entered in the Mansfield Municipal Court dismissing both appellant's complaint and the counterclaim of appellee, Jeff Pittenger.

## STATEMENT OF THE FACTS AND CASE

{¶ 2} On February 24, 2005, appellee entered into a retail installment contract with Pro Car Auto Group, Inc., for the purchase of a used 1999 Saturn SL2 motor vehicle. Pursuant to the terms of the contract, the contract and security agreement were assigned to Atlantic Financial Services, Inc., on February 24, 2005. Appellee eventually defaulted on the terms of the contract, and the vehicle was repossessed.

{¶ 3} Appellant asserts that it is the owner of the debt, claiming that it purchased the debt from Ameristar Financial Servicing Co., L.L.C., which acquired the debt from Atlantic Financial Services, Inc., after Atlantic sold it as part of a batch of bad debts.

{¶ 4} At the time of sale of appellee's account, there was a balance due and owing of $5,428.24.

{¶ 5} On February 27, 2008, appellant filed a complaint in the Mansfield Municipal Court, alleging that appellee had entered into an agreement with appellant's assignor and defaulted on that agreement. The complaint also alleged that as of the date of the complaint, the unpaid obligation included $5,428.24, plus accrued interest at the contract rate of 24.95 percent. A copy of the retail installment contract was attached to appellant's complaint.

{¶ 6} Appellee was served via certified mail service on March 6, 2008.

{¶ 7} Appellee did not initially file an answer to the complaint, and on April 17, 2008, a default judgment was granted in favor of appellant.

{¶ 8} On May 1, 2008, counsel for appellee filed a motion for relief from judgment, which was granted on July 10, 2008.

{¶ 9} Subsequently, appellee filed an answer to appellant's complaint and a counterclaim.

{¶ 10} Appellant answered the counterclaim, and the parties participated in extensive discovery in this matter.

{¶ 11} On July 21, 2009, a trial before a magistrate commenced in this matter. At trial, the magistrate heard testimony from Todd Turner, Robert Bowman, William H. Dunn, and Elaine North. Appellant also submitted the following

documentary evidence: the retail installment contract, the purchase agreement between Atlantic and Ameristar, the bills of sale/assignments and a redacted copy of the Schedule A referred to in the bills of sale/assignments. Schedule A purports to be an Excel spreadsheet identifying and detailing the included accounts, which was compiled and transmitted via e-mail as part of the sales transaction between Atlantic and Ameristar and then from Ameristar to appellant.

{¶ 12} Todd Turner was the chief operating officer for Atlantic, and his duties included the review and examination of bad debts. He stated that he was personally involved in a transaction that occurred on December 19, 2007, wherein Atlantic entered into a contract with Ameristar to sell a batch of bad debts.

{¶ 13} Robert Bowman testified that he signed the bill of sale and closed the deal between Atlantic and Ameristar.

{¶ 14} William H. Dunn, an employee of Ameristar, testified that he was personally involved in the Atlantic–Ameristar sale.

{¶ 15} Elaine North, the director of administration for appellant, testified that she is the keeper of the records from the sale of debt transactions entered into by appellant.

{¶ 16} On August 13, 2009, a magistrate's report was filed dismissing both the complaint and the counterclaim without prejudice. In that decision, the magistrate found that the evidence presented by appellant was inadequate and failed to establish that it was the owner of the debt at issue.

{¶ 17} On December 30, 2009, after both parties objected to the magistrate's report, the magistrate's report was approved by the judge.

{¶ 18} Appellant now appeals, raising the following assignments of error:

## ASSIGNMENTS OF ERROR

{¶ 19} "I. The trial court erred by determining that the evidence presented by appellant failed to meet the authenticity requirements of Ohio Rule of Evidence 901.

{¶ 20} "II. The trial court erred by determining that the evidence presented by appellant failed to meet the business records exception of Ohio Rule of Evidence 803.

{¶ 21} "III. The trial court erred by determining that the evidence presented by appellant failed to meet the requirements of Ohio Rule of Evidence 1002.

{¶ 22} "IV. The decision of the trial court determining that appellant did not prove its purchase of appellee's account was against the manifest weight of the evidence presented by appellant at trial."

### I, II, and III

{¶ 23} In appellant's first three assignments of error, appellant challenges the trial court's decision not to admit evidence pursuant to Evid.R. 901, 803, and 1002.

{¶ 24} The decision before the trial court in this case was whether Evid.R. 1002 required that the original documentation be presented in the case.

{¶ 25} "**Evid. R 1002 Requirement of original**

{¶ 26} "To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio." (Boldface sic.)

{¶ 27} The Rules of Evidence go on to provide that "[a] duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." Evid.R. 1003.

{¶ 28} Generally, the admission or exclusion of relevant evidence rests within the sound discretion of the trial court, and its decision to admit or exclude that evidence will not be disturbed absent an abuse of that discretion. *State v. Sage* (1987), 31 Ohio St.3d 173, 31 OBR 375, 510 N.E.2d 343, paragraph two of the syllabus; *State v. Reed* (1996), 110 Ohio App.3d 749, 752, 675 N.E.2d 77. However, while the trial court has discretion to admit or exclude relevant evidence, it has no discretion to admit hearsay. Evid.R. 802 requires the exclusion of hearsay unless an exception applies. Thus, we review de novo the trial court's decision regarding whether evidence is hearsay or nonhearsay under Evid.R. 801. *State v. Sorrels* (1991), 71 Ohio App.3d 162, 165, 593 N.E.2d 313.

{¶ 29} Hearsay is generally inadmissible, unless it falls within the scope of an exception within the Rules of Evidence. Evid.R. 802; *State v. DeMarco* (1987), 31 Ohio St.3d 191, 195, 31 OBR 390, 509 N.E.2d 1256.

{¶ 30} One such exception is the "records of regular conducted activity," more commonly known as the business-records exception. Evid.R. 803(6). The rationale behind Evid.R. 803(6) is that if information is sufficiently trustworthy that a business is willing to rely on it in making business decisions, the courts should be willing to as well. See staff note to Evid.R. 803(6).

{¶ 31} "To qualify for admission under Rule 803(6), a business record must manifest four essential elements: (i) the record must be one regularly recorded in a regularly conducted activity; (ii) it must have been entered by a person with knowledge of the act, event or condition; (iii) it must have been recorded at or near the time of the transaction; and (iv) a foundation must be laid by the 'custodian' of the record or by some 'other qualified witness.'" *State v.*

*Davis*, 116 Ohio St.3d 404, 2008-Ohio-2, 880 N.E.2d 31, ¶ 171, quoting Weissenberger, Ohio Evidence Treatise (2007) 600, Section 803.73. See also *McCormick v. Mirrored Image, Inc.* (1982), 7 Ohio App.3d 232, 233, 7 OBR 294, 454 N.E.2d 1363.

{¶ 32} The phrase "other qualified witness" should be broadly interpreted. See *State v. Patton* (Mar. 5, 1992), Allen App. No. 1–91–12, 1992 WL 42806, citing 1 Weissenberger's Ohio Evidence (1985) 75, Section 803.79. Further, it is not necessary that the witness have firsthand knowledge of the transaction giving rise to the record. *State v. Vrona* (1988), 47 Ohio App.3d 145, 547 N.E.2d 1189, paragraph two of the syllabus. "Rather, it must be demonstrated that the witness is sufficiently familiar with the operation of the business and with the circumstances of the record's preparation, maintenance and retrieval, that he can reasonably testify on the basis of this knowledge that the record is what it purports to be, and that it was made in the ordinary course of business consistent with the elements of Rule 803(6)." *Patton* at *2, quoting Weissenberger at 76.

{¶ 33} Even after the above elements are established, however, a business record may be excluded from evidence if " 'the source of information or the method or circumstances of preparation indicate lack of trustworthiness.' " *Davis* at ¶ 171, quoting Evid.R. 803(6).

{¶ 34} Before application of Evid.R. 803(6) and prior to admission of a business record, the record must also be properly identified or authenticated "by evidence sufficient to support a finding that the matter in question is what its proponent claims." Evid.R. 901(A). See also *State v. Bell*, Clermont App. No. CA2008–05–044, 2009-Ohio-2335, 2009 WL 1395857, ¶ 17; *State v. Hirtzinger* (1997), 124 Ohio App.3d 40, 49, 705 N.E.2d 395. "The provisions of Evid.R. 901(A) require only that a proponent of a document produce 'evidence *sufficient to support a finding* that the matter in question' is what the proponent claims it to be." *State v. Easter* (1991), 75 Ohio App.3d 22, 25, 598 N.E.2d 845. "This low threshold standard does not require *conclusive* proof of authenticity, but only sufficient foundational evidence for the trier of fact to conclude that the document is what its proponent claims it to be." (Emphasis sic.) Id., citing 1 Weissenberger, Ohio Evidence (1991) 4–5, Section 901.2; Giannelli, Ohio Evidence Manual (1990) 6, Section 901.01.

{¶ 35} In order to properly authenticate business records, a witness must "testify as to the regularity and reliability of the business activity involved in the creation of the record." *Hirtzinger*, 124 Ohio App.3d at 49, 705 N.E.2d 395. Firsthand knowledge of the transaction is not required by the witness providing the foundation; however, " 'it must be demonstrated that the witness is sufficiently familiar with the operation of the business and with the circumstances of the

record's preparation, maintenance and retrieval, that he can reasonably testify on the basis of this knowledge that the record is what it purports to be, and that it was made in the ordinary course of business consistent with the elements of Rule 803(6).' " *State v. Vrona* (1988), 47 Ohio App.3d 145, 148, 547 N.E.2d 1189, quoting 1 Weissenberger's Ohio Evidence (1985) 75–76, Section 803.79.

{¶ 36} At the trial, the magistrate permitted all of appellant's witnesses to testify as to the documents that they attempted to admit to show the chain of sale from Atlantic Financial to Ameristar and from Ameristar to appellant.

{¶ 37} After having listened to that testimony, the trial court found that the witnesses did not offer any testimony "as to how the records are compiled, what type of programing (sic) is utilized, how the information is entered, what safeguards are utilized." The trial court then summarized the witnesses' testimony, stating that in essence, the witnesses merely recited, "[T]his looks like a copy of the records that I reviewed and that contain the Defendant's name, along with relevant personal information as to the amount owed."

{¶ 38} The trial court further found that no evidence was presented as to the witnesses' background, training, knowledge, or use of the computers, or as to the way the files are transmitted.

{¶ 39} Based on the above lack of evidence, the trial court found that appellant failed to sufficiently establish either the authenticity requirement or the business-records exception, and the court therefore disallowed admission of those records as evidence of the debt at issue.

{¶ 40} Upon review of the record, we agree with the trial court in that we find that appellant failed to present sufficient evidence as to the authenticity of the Excel spreadsheet. None of the witnesses' testimony supports a finding that the witnesses were reasonably "familiar with the operation of the business and with the circumstances of the record's preparation, maintenance and retrieval."

{¶ 41} We likewise agree with the trial court as to its determination that the testimony presented was not sufficient to meet the business-records exception to the hearsay rule. At trial, no testimony was presented by appellant as to who prepared the Excel spreadsheet, what that person's job duties were, when the record was prepared, or how the information was collected and compiled.

{¶ 42} As to the exclusion of the spreadsheet, we find that such a "redacted" document does not constitute a "duplicate" as contemplated by the rule and was therefore properly excluded under Evid.R. 1002.

{¶ 43} Appellant's first, second, and third assignments of error are denied.

## IV

{¶ 44} In appellant's fourth assignment of error, appellant argues that the trial court's decision was against the manifest weight of the evidence. We disagree.

{¶ 45} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578. A reviewing court must not substitute its judgment for that of the trial court when there exists some competent and credible evidence supporting the judgment rendered by the trial court. *Myers v. Garson* (1993), 66 Ohio St.3d 610, 614 N.E.2d 742.

{¶ 46} Upon review of the trial transcript and our finding that the trial court did not err in excluding the above evidence, we find that the trial court's determination that appellant failed to prove it was the owner of the debt at issue in this case was not against the manifest weight of the evidence.

{¶ 47} Appellant's fourth assignment of error is denied.

{¶ 48} For the foregoing reasons, the judgment of the Mansfield Municipal Court, Richland County, Ohio, is affirmed.

Judgment affirmed.

EDWARDS, P.J., concurs.

HOFFMAN, J., dissents.

WILLIAM B. HOFFMAN, Judge, dissenting.

{¶ 49} I respectfully dissent from the majority decision.

{¶ 50} I find that the testimony of the witnesses identified in the majority opinion was sufficient to authenticate and establish that the exhibits offered by appellant qualified as ordinary business records. I find the spreadsheet admissible as a duplicate (albeit in redacted format) of Schedule A, which was attached to the bills of sale/assignments.