[Cite as *State v. Gaston*, 2020-Ohio-6919.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**LAKE COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-L-011** |
| TIMOTHY M. GASTON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas.
Case No. 2019 CR 000737.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Jennifer A. McGee*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Vanessa R. Clapp*, Lake County Public Defender, and *Justin J. Mackin*, Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1}  Appellant, Timothy M. Gaston ("Gaston"), appeals a judgment in the Lake County Court of Common Pleas, following a jury trial, sentencing him to 30 months in prison for domestic violence.  We affirm the trial court's judgment.

{¶2}  On August 9, 2019, Gaston was indicted on two counts—Domestic Violence, in violation of R.C. 2919.25(A) (F-3); and Felonious Assault, in violation of

R.C. 2903.11(A)(1) (F-2). The following facts were adduced at trial through the evidence and testimony presented:

{¶3} On June 29, 2019, multiple calls were made to 911 regarding a domestic assault at an apartment in Painesville, Ohio. Dispatcher Keith Chaffee received the calls, and he dispatched police and EMS units to the residence. Officer Kevin Love assisted the primary officer, Matthew Collins ("Collins"), in responding to the call, as well as EMT Thomas Konitsky with the Painesville Fire Department. All three men, as well as Dispatcher Chaffee, testified at trial. The victim did not testify and was not present during the trial.

{¶4} Upon arriving at the residence, the two officers began investigating the scene while EMT Konitsky attended to the victim. The report submitted by the EMT reflected the injuries of the victim, and photographs admitted by the trial court reflect a large bump on the victim's forehead, scratches on her hands, and light bruising on her throat. In the apartment, photographs of the kitchenette showed there was a broken lamp and a wooden chair with one broken leg. There was also a wig on the floor. There was ground beef on the floor next to the wig.

{¶5} During Collins' testimony, he recounted several statements made by the victim, over the objection of defense counsel, regarding what happened before she called 911. Collins stated that the victim told him Gaston punched her in the head several times, hit her with a chair and lamp, and threw ground beef at her after a dispute over whether to thaw the ground beef. She also told Collins that she experienced a loss of consciousness and woke up to Gaston choking her. The victim initially refused

2

several times to be transported to the hospital for evaluation but eventually changed her mind.

{¶6} In addition to the testimony, the state offered as evidence a partially redacted transcript of a jail call between Gaston and the victim. Various inadmissible statements related to the victim's alleged injuries and previous instances of violence between the couple were redacted, and other statements remaining in the transcript served only to provide context for the jury. The transcript was offered following the filing of a "Motion of Intent to Use Statements" filed by the state, in which it argued that Gaston was responsible for the victim's nonappearance at trial. The state argued Gaston and the victim plotted to ensure her whereabouts were unknown in an attempt to help Gaston's defense; therefore, the state maintained the statements were admissible hearsay pursuant to Evid.R. 804(B)(6) as forfeiture by wrongdoing. The state indicated that it had reviewed dozens of jail calls between the parties to reach this conclusion; however, these calls were not presented to the court or the jury at trial, and they were not admitted as evidence.

{¶7} Further, the state argued that the transcript of the jail call containing the victim's statements were not being offered for the truth of the matter asserted but rather for context to present Gaston's own statements against interest, in which he admitted guilt for the domestic assault. Defense counsel filed a motion in limine to prohibit statements made by the victim from being presented at trial, but the motion was denied by the trial court and the transcript was admitted. The following pertinent statements were made by Gaston during the call:

BABY I'M SO SORRY[.]

WHATEVER HAPPENED I'M SO SORRY[.]

I SWEAR TO GOD ON MY DADDY ALL I REMEMBER IS YOU KEPT TRYING TO HIT ME WITH THAT DAMN LAMP AND I—

ALL I KEPT TELLING YOU TO LEAVE THE FUCK ALONE BUT IT'S COOL IT'S OVER NOW GLAD YOU ACCEPTED MY CALL GOT A CHANCE TO TALK TO YOU[.]

THERE'S NO POSSIBLE WAY I DID ALL THAT DON'T KNOW THAT HAPPENED BUT IT HAPPENED[.]

I REMEMBER A TUSSLING AND ALL THIS AND THAT[.]

NO I DON'T REMEMBER HITTING YOU WITH NO DAMN CHAIR[.]

I AIN'T NEVER TRY TO PUT MY HANDS ON YOU[.] THAT DAMN ALCOHOL THAT HAD ME DELUSIONAL[.] ALL I REMEMBER IS A DAMN GROUND BEEF AND A DAMN LAMP[.] I DO REMEMBER A CHAIR[.] I THINK I REMEMBER THROWING A CHAIR[.] THROWING A CHAIR ON THE GROUND TRYING TO BREAK IT LIKE BECAUSE I WAS SO FUCKING MAD[.] BUT NOT TRYING TO HURT YOU[.] I WOULD NEVER TRY TO HURT YOU[.]

I KNOW I HAD TO BE THE ONE WHO DID IT[.] I KNOW YOU DIDN'T DO IT TO YOURSELF[.] I'M SORRY BABY[.]

I LOVE YOU AND I'M SORRY[.]

YOU KNOW DAMN WELL I DIDN'T MEAN TO DO NOTHING TO HURT YOU LIKE THAT[.]

{¶8} At the end of the state's case-in-chief, the defense made an oral motion for acquittal under Criminal Rule 29, which was denied. The defense then rested without presenting any witnesses. After deliberations, the jury found Gaston guilty of one count of domestic violence and acquitted him on the felonious assault count. A sentencing hearing was held on December 23, 2019. At the hearing, the trial court sentenced Gaston to 30 months in prison.

4

{¶9} Gaston filed a timely notice of appeal and raises three assignments of error for our review. We consider the assignments out of order.

{¶10} Gaston's first assignment of error states:

THE TRIAL COURT VIOLATED THE DEFENDANT-APPELLANT'S CONSTITUTIONAL RIGHT TO FAIR TRIAL AND DUE PROCESS AS GUARANTEED [sic] SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 5 AND 10, ARTICLE I OF THE OHIO CONSTITUTION WHEN IT ADMITTED INADMISSIBLE HEARSAY TESTIMONY.

{¶11} Under his first assignment, Gaston presents three issues for review:

[1.] The trial court erred to the prejudice of the defendant-appellant by overruling his objections to the admission of hearsay testimony of witness [*victim's name redacted*], citing the Forfeiture by Wrongdoing Exception in Evid.R. 804(B)(6).

[2.] The trial court erred to the prejudice of the defendant-appellant by overruling his objections to the admission of hearsay testimony of witness [*victim's name redacted*] as it was not offered as an excited utterance exception under Evid.R. 803(2).

[3.] The trial court erred to the prejudice of the defendant-appellant by overruling his objections to the admission of hearsay testimony of witness [*victim's name redacted*], finding that it was not offered for the truth of the matter asserted.

{¶12} Gaston's first assignment of error challenges the admissibility of testimony of the victim presented to the jury at trial through witness testimony of Collins, as well as a redacted jail call between Gaston and the victim. If the testimony meets the definition of hearsay, it need only be admissible under one of the exceptions to the prohibition on hearsay to be admissible. Also, to be admissible, hearsay testimony must not violate the Confrontation Clause of the Sixth Amendment. Accordingly, we address the three issues presented in combination for each category of testimony and discuss the Confrontation Clause thereafter.

5

{¶13} Hearsay "is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). Hearsay is generally inadmissible unless it falls into one of the applicable exceptions. Evid.R. 802.

{¶14} Although we apply an abuse of discretion standard to some evidentiary rulings, the trial court does not have discretion to admit hearsay "except as otherwise provided by the Constitution of the United States, by the Constitution of the State of Ohio, by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio, by these rules, or by other rules prescribed by the Supreme Court of Ohio." Evid.R. 802; *see also Jack F. Neff Sand & Gravel, Inc. v. Great Lakes Crushing, Ltd.*, 11th Dist. Lake No. 2012-L-145, 2014-Ohio-2875, ¶23, citing *State v. DeMarco*, 31 Ohio St.3d 191, 195 (1987). Therefore, we apply a de novo review to determine whether the testimony here constitutes hearsay. *Id.*, citing *John Soliday Fin. Group, LLC v. Pittenger*, 190 Ohio App.3d 145, 150, 2010-Ohio-4861 (5th Dist.).

### Testimony of Officer Collins

{¶15} Collins testified as to statements made by the victim implicating Gaston as the person who caused the physical injuries he observed on her head, neck, and hands during his investigation. These are out of court statements made by the victim and offered to prove that Gaston had committed domestic violence; therefore, the statements constitute hearsay and would be inadmissible at trial unless excepted under the rules of evidence.

{¶16} One exception to the prohibition on hearsay is a "present sense impression." A present sense impression is defined as "[a] statement describing or

explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter unless circumstances indicate lack of trustworthiness." Evid.R. 803(1); *State v. Urso*, 195 Ohio App.3d 665, 2011-Ohio-4702, ¶68 (11th Dist.); *State v. Foster*, 11th Dist. Trumbull No. 97-T-0094, 1998 WL 684834, *5 (Sept. 25, 1998).

{¶17} Here, the victim's testimony was describing and explaining the attack that led to her calling 911, as well as a neighbor's call after hearing the altercation. She made the statements while still appearing "frightened" and "frustrated," according to testimony. Also, officers testified they arrived at the apartment within a few minutes after the 911 call, which gave the victim little time to fabricate the account of events she gave Collins. There were no circumstances indicating a lack of trustworthiness. Her recounting of the domestic assault also matches all of the evidence and observations made by the officers documenting the apartment through photographs and written reports and reflects the injuries Collins observed while interviewing her.

{¶18} Therefore, the testimony given by Collins containing the statements made by the victim was a present sense impression of her experience immediately following an assault. Because this testimony falls under the present sense impression exception to the prohibition on hearsay, the additional issues raised by Gaston on appeal regarding Collins' testimony as hearsay need not be addressed.

### Jail Call

{¶19} Pursuant to Evid.R. 804, certain hearsay exceptions exist only when the declarant is unavailable as a witness. For instance, hearsay may be admissible under the "forfeiture by wrongdoing" exception: "[a] statement offered against a party if the

7

unavailability of the witness is due to the wrongdoing of the party for the purpose of preventing the witness from attending or testifying. * * * " Evid.R. 804(B)(6). Also, a statement is not hearsay by definition if it is an admission by a party-opponent, e.g., when it is "offered against a party and is the party's own statement, in either an individual or a representative capacity." Evid.R. 801(D)(2)(a). Finally, statements made for a purpose other than proving the truth of the matter asserted, such as to provide context, are nonhearsay and may be admissible at trial. Evid.R. 801(C); *see, e.g., State v. McKelton*, 148 Ohio St.3d 261, 2016-Ohio-5735, ¶213-217 (concluding testimony was admissible because it was offered for the nonhearsay purpose of providing context for the defendant's reactions and responses).

{¶20} In the present matter, we initially note that the statements made by Gaston on the jail call are not hearsay, pursuant to Evid.R. 801(D)(2)(a), as they are his own statements offered against him.

{¶21} The state offered no evidence supporting a finding that Gaston secured the unavailability of the victim at trial. Thus, the "forfeiture by wrongdoing" exception does not apply to the statements made by the victim on the jail call. However, we conclude that the victim's statements are also nonhearsay because they were offered to provide context for Gaston's responses, which would not have made sense to the jury in isolation. Whether or not her statements were true was not the state's purpose for introducing them as evidence. Evid.R. 801(C); *McKelton, supra*, at ¶213-217; *see also, e.g., United States v. Henderson*, 626 F.3d 326, 337 (6th Cir.2010). Therefore, the statements made during the jail call are not hearsay, and the additional issues raised by Gaston on appeal regarding the jail call need not be addressed.

8

## Confrontation Clause

{¶22} Regardless of whether statements are admissible under the exceptions to the hearsay prohibition, they may be rendered inadmissible if in violation of the Sixth Amendment to the United States Constitution, which provides: "In all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him." The United States Supreme Court determined the Confrontation Clause "applies to 'witnesses' against the accused—in other words, those who 'bear testimony,'" even when the "testimonial" statements were made out of court. *Crawford v. Washington*, 541 U.S. 36, 51 (2004). To determine whether a statement is testimonial in nature, the proper inquiry is "'whether a reasonable person in the declarant's position would anticipate his statement being used against the accused in investigating and prosecuting the crime.'" *State v. Metter*, 11th Dist. Lake No. 2012-L-029, 2013-Ohio-2039, ¶35, quoting *United States v. Cromer*, 389 F.3d 662, 675 (6th Cir.2004).

{¶23} In *Davis v. Washington*, 547 U.S. 813 (2006), the Supreme Court again emphasized that the admission of a hearsay statement is a violation of the Confrontation Clause only if the statement is "testimonial." The Court determined that the Confrontation Clause is not applicable to statements made "to enable police assistance to meet an ongoing emergency." *Id.* at 822. The Supreme Court, in affirming the trial court's decision to admit 911 statements, explained:

> Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to

9

establish or prove past events potentially relevant to later criminal prosecution.

*Id.* (footnote omitted).

{¶24} The victim's primary purpose for the statements made to Collins was to report the domestic assault and her injuries resulting therefrom. The statements were taken by Collins, a police officer on the scene of an assault that occurred immediately prior to his arrival and within five minutes of the 911 call. There is no indication from the record or Collins' testimony that the victim intended to use her recitation of the facts regarding the assault to the officer as a means to testify regarding the events she experienced in real time. Therefore, the statements made by the victim to Collins were nontestimonial in nature and their admission did not violate the Confrontation Clause.

{¶25} With regard to the jail call, we have concluded the statements made by the victim during that call were not presented for the truth of the matter asserted. Because of this, the statements are not hearsay. As the Ohio Supreme Court has held, when statements are nonhearsay, they do not implicate the Confrontation Clause. *See State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, ¶171 & 175, citing *McKelton, supra*, at ¶186; *see also State v. Brown*, 11th Dist. Lake No. 2012-L-007, 2013-Ohio-1099, ¶50, citing *Crawford, supra*, and *Bruton v. United States*, 391 U.S. 123 (1968) ("The United States Supreme Court has held that a defendant's right to confrontation is violated where the state offers, *for their truth*, any portions of statements of a co-defendant made to police that directly or indirectly inculpate the defendant. The statements, however, must be hearsay to trigger the *Bruton* rule.") (emphasis added).

{¶26} For all of the foregoing reasons, the trial court did not violate Gaston's rights under the Confrontation Clause when it admitted statements made by the victim

10

and allowed them to be presented to the jury. The statements made by the victim during the investigation conducted by Collins were excepted under the rules prohibiting the introduction of hearsay and were nontestimonial in nature. The jail call was nonhearsay and thus not subject to scrutiny under the Confrontation Clause.

{¶27} Gaston's first assignment of error is without merit.

{¶28} Gaston's third assignment of error states:

> THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT RETURNED A VERDICT OF GUILTY AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶29} In determining whether the verdict was against the manifest weight of the evidence, "'[t]he court reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). A judgment of a trial court should be reversed as being against the manifest weight of the evidence "'only in the exceptional case in which the evidence weighs heavily against the conviction.'" *Id.*, quoting *Martin*, *supra*, at 175.

{¶30} There is a presumption that the findings of the trier of fact are correct, because the trier of fact has had the opportunity "to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80 (1984), citing 5 Ohio Jurisprudence 3d, Appellate Review, Section 603, at

11

191-192 (1978) ("* * * [I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts. * * * If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment.").

{¶31} The jurors in the present matter did not lose their way in weighing the evidence and finding that Gaston committed the crime of Domestic Violence in violation of R.C. 2919.25(A). Testimony was presented from the time of the 911 call reporting the altercation through the investigation and arrest of Gaston early the next morning. The jury was given photographs of the injuries suffered by the victim and a transcript of a jail call between Gaston and the victim. During that call, Gaston makes several contradicting statements, but he ultimately admits to attacking the victim multiple times with items found at the scene and photographed by officers. Further, the jury chose to acquit Gaston on the Felonious Assault charge, which further supports our conclusion that the jury fully considered the evidence and testimony presented, was in the best position to determine whether Gaston was guilty of the offenses charged, and did not clearly lose its way in evaluating the case presented by the state.

{¶32} Gaston's third assignment of error is without merit.

{¶33} Gaston's second assignment of error states:

> THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT DENIED HIS MOTION FOR ACQUITTAL MADE PURSUANT TO CRIM.R. 29(A).

12

{¶34} Pursuant to Crim.R. 29(A), "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses." Crim.R. 29(A) requires the trial court to grant a motion for judgment of acquittal if the evidence is insufficient to sustain a conviction on the charged offense(s). "Thus, when an appellant makes a Crim.R. 29 motion, he or she is challenging the sufficiency of the evidence introduced by the state." *State v. Patrick*, 11th Dist. Trumbull Nos. 2003-T-0166 & 2003-T-0167, 2004-Ohio-6688, ¶18.

{¶35} "A challenge to the sufficiency of the evidence raises a question of law as to whether the prosecution met its burden of production at trial." *State v. Bernard*, 11th Dist. Ashtabula No. 2016-A-0063, 2018-Ohio-351, ¶56, citing *Thompkins*, *supra*, at 390 and *State v. Windle*, 11th Dist. Lake No. 2010-L-033, 2011-Ohio-4171, ¶25. "'In reviewing the record for sufficiency, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."'" *Id.*, quoting *State v. Smith*, 80 Ohio St.3d 89, 113 (1997), quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. Where there is insufficient evidence, a conviction will be vacated. *Id.* at ¶55, citing *State v. Rose*, 11th Dist. Lake No. 2014-L-086, 2015-Ohio-2607, ¶32.

{¶36} A finding that a judgment is not against the manifest weight of the evidence necessarily means the judgment is supported by sufficient evidence. *State v. Arcaro*, 11th Dist. Ashtabula No. 2012-A-0028, 2013-Ohio-1842, ¶32. Having

13

determined that Gaston's conviction is not against the manifest weight of the evidence, it follows that it is supported by sufficient evidence.

{¶37} Gaston's second assignment of error is without merit.

{¶38} The judgment of the Lake County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, J.,

MARY JANE TRAPP, J.,

concur.